EUGENIO MAYA PÉREZ, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 1209. Submitted May 19, 1947.—Decided May 23, 1947.

334

*José Sabater* for appellant.   The registrar appeared by brief.

Mr. Chief Justice Travieso delivered the opinion of the Court.

In a public deed presented for record in the registry, the heirs of Candelaria Segarra Tizol stated that the decedent had sold to Eugenio Maya Pérez, appellant herein, a rural property, the purchaser receiving the agreed price; that the contracting parties agreed that the vendor would execute the proper deed of sale in favor of the purchaser as soon as possible; that the vendor died without having executed said deed; and that after investigating the matter and ascertaining that the sale had been made all the heirs agreed to ratify the same, executing a conveyance in favor of the purchaser. From the document it appears that the District Court of Mayagüez, by an order of October 1, 1946, declared as heirs of Mrs. Segarra her seven children of legal age and two grandchildren, who are minors.   In the deed ratifying the sale the two minors were represented by the father, who stated therein that "he has no interests in conflict with those of his minor children respecting the property to be described and which their grandmother sold."

The registrar refused to record the instrument on the following ground:

". . . because the consent of all the heirs was necessary . . . for the execution of the deed of ratification . . . and the latter was executed by the heirs of legal age and by Hermógenes Rodríguez, as father with *patria potestas* over the minor heirs, . . . without the corresponding judicial authorization for such ratification having been obtained in the manner provided by § 80 of the Law of Special Legal Proceedings and its amendment dated March 9, 1911."

The appellant urges that the registrar erred in requiring, as a condition precedent to the recording, a judicial

authorization respecting the interests held by the minors. In support of his contention, he cites the decision in *Martínez* v. *Registrar*, 23 P.R.R. 330, which is clearly inapposite. The holding in the cited case was that § 229 of the Civil Code of 1902, as amended by the Act of March 9, 1911 (§ 159, Civil Code of 1930), is not applicable to a partition of common property in which minors are interested, because such partition is governed by § 413 (§ 340, Civil Code, 1930 ed.) in connection with § 1027 of said Code (§ 1013, Civil Code, 1930 ed.), and this Section does not require an authorization of court in order to execute a partition of property owned in common by minors who are represented by their father or mother.

The registrar admits that in cases of partition of inheritance or division of property held in common no judicial authorization is required if the minors are represented by the father or the mother; but, in support of his decision, he urges that the present case is not one of division of a common property or partition of an inheritance, but of ratification of a sale, for which judicial authorization is necessary.

The registrar is right. In *Avilés* v. *Registrar*, 17 P.R.R. 925, a widow in her own right and as mother with *patria potestas* over her minor children, executed a deed ratifying the sale of a property which had been conveyed in a private document by her husband. The registrar refused to record the instrument and this Court affirmed its decision saying:

"The heirs were minors and could not give their consent *per se*, nor could their mother consent for them in the ordinary exercise of the *patria potestas*. The act involved the sale or the ratification of the sale of real property and judicial authorization was absolutely necessary in accordance with the Civil Code and the Act of Special Legal Proceedings of 1905, both of which were in force at the time of the execution of the instrument."

In *Avilés* v. *Registrar*, 19 P.R.R. 345, facts similar to those involved in the above-cited case between the same

parties were presented to this Court. The appellant urged that the statutes cited by the registrar were not applicable to the case, inasmuch as the question involved was not one of making a sale but of the execution of a deed to a sale already made; and, further, that there was no need of selling at public auction a property which had already been sold by a private document. The decision appealed from was affirmed in the following terms:

". . . We understand that the requirements of the law for the sale of real property do not govern a case of this nature where the object sought is only to convert a private document witnessing the sale of property belonging to the minor children of José Monserrate Déliz into a public deed, for the cogent reason that there is no way of selling a property already sold. *But this does not exempt the representative of the minors from the duty of requesting authority from the proper district court to execute the public deed.*" (Italics ours.)

See *Burset* v. *Registrar*, 49 P.R.R. 47; *Costa* v. *Piazza*, 51 P.R.R. 667; *Aponte* v. *Registrar*, 56 P.R.R. 801; *West India Oil Co.* v. *Blanch*, 57 P.R.R. 580.

■ The fact that the share corresponding to each of the minors in the selling price is less than $500, does not avail the appellant in any way. Section 159 of the Civil Code, 1930 ed., provides that "The exercise of the *patria potestas* does not authorize the father or the mother to alienate or lay any encumbrance upon *real property of any class whatever,* or upon personal property, the value of which exceeds five hundred dollars, pertaining to the child and which may be under the administration of its parents, without the previous authorization of the district court wherein the property is situated . . ." We have already seen that there is involved herein the ratification of an alienation of real property.

The decision appealed from will be affirmed.